# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| DOUGLAS ENERGY RELIEF<br>ASSOCIATIONS (DERA), et. al., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 510-083 |
| | * | |
| CITY OF DOUGLAS, GEORGIA,<br>DENNIS JOSEY, RONALD L.<br>HENDERSON, TONY PAULK, JACKIE<br>WILSON, OLIVIA PEARSON, ROBERT<br>MOORE, JR., PAUL ELLIOTT, JOHNNY<br>LEE ROPER, SR., and OSCAR STREET | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff Douglas Energy Relief Associations' ("Plaintiff" or "DERA") Complaint seeks redress for Defendants' alleged artificial inflation of electricity usage and/or rates for African-American electricity consumers. Compl., Dkt. No. 1.

The caption of Plaintiff's Complaint lists the following causes of action:

1) Fraud, Misrepresentation and conspiracy
2) Violation of Civil Rights
3) Violation of Antitrust Laws
4) Breach of Contract and Bad Faith Dealings
5) Tortious Breach of Implied Covenant of Good Faith and Fair Dealings
6) Violations of Title VIII Fair Housing Laws

7) Gross Negligence
8) Intentional Infliction of Mental and Emotional Distress
9) Request for Judicial Scrutiny

Compl. 1. Later in the Complaint, Plaintiff lists the following legal bases for recovery:

1) 42 U.S.C. §1983 Civil Rights Act of 1871, alleging that the 14th Amendment's Equal Protection Clause and Due Process of Law was violated by Defendants' unconstitutional acts adversely affecting Plaintiffs' Civil Rights.
2) Title VIII of the Civil Rights Act of 1968, and as amended and any rules and regulations pursuant thereto and specifically discrimination in the terms, conditions and privileges §804(B) of the HUD Regulations 24 CFR Part 100, based on race/black and sex/female and redlining of the Black Community.
3) Title 42 U.S.C. §1981 prohibits racial discrimination in contracts and bad faith dealings and provides for equal rights under the law.
4) Anti-trust laws, Sherman Act 15 U.S.C. §§1-7, passed in 1890, Clayton Act 15 U.S.C. §12-27, and the Federal Trade Commission Act 15 U.S.C. §§41-58, passed in 1914. Violations of anti-trust laws in restraint of trade and unfair dealings.
5) Violations under the 1866 Civil Rights Act and U.S. Constitution 14 th Amendment Equal Protection Clause.
6) Fraud and misrepresentation under Statute of Frauds U.C.C. §2-201, The Sale of Goods Section and the Uniform Sales Act.
7) Breach of Contracts and Bad Faith Dealings concerning discrimination dealing with Article 1, Section 102 (BB) of the Municipal Electric Authority of Georgia's (M.E.A.G.) Contract with the City of Douglas, Georgia, regarding "Prudent Utility Practice." Such contract articles with the city were intended for the benefits of city residential utility consumers as "Beneficiaries" and for their protection against the city's Unfair Business Practices and Dealings which also is contrary to the city's motto: "Working together to serve you better."

AO 72A
(Rev. 8/82)

8) Georgia Code Ann. §46-2-90 deals with Liability for Unlawful Acts.
9)
  A) **CASE LAW STATES**: A city operating a legalized monopoly cannot make an unfair discrimination. American Aniline Products, Inc. vs. City of Lock Haven 288 PA 420, 135A 726, 50 A.L.R. 121.
  B) **OWEN VS. THE CITY OF INDEPENDENCE**. Sup. Ct. of U.S. 445 U.S. 622 (1980) "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."
  C) A publicly owned utility engaged in the service of providing gas and electricity to inhabitants is a "Proprietary Function." ORSI Public Utility District, 196 CA 43, 57-58 235 P. 1004; City of Pasadena vs. Railroad Comm., 183 CAL 526, 529, 192 P. 25, 10 A.L.R. 1425. Glenbrook Dev. Co. vs. City of Brea cited as 61 Cal Reporter 189 states:
     > "In supplying water to its inhabitants, a municipality acts in the same capacity as a private corporation engaged in a similar business and not in its Sovereign Role." See also Nourse vs. City of Los Angeles, 25 CAL. App 384, 385, 143 P. 801.

Defendants now move for summary judgment on Plaintiff's claims. Mot. Summ. J., Dkt. No. 28. Defendant's motion is exceptionally vague. Defendants state generally that "Plaintiffs have presented no evidence, and have not indicated that any evidence exists which would support any of their claims against Defendants." Mot. Summ. J. 4. Aside from this conclusion, Defendants' brief consists of a total two pages of assertions and observations, addressing only some of Plaintiff's claims. Defendants claim they are entitled to summary judgment on Plaintiff's § 1983 claims because Plaintiff is unable to

establish "state action" on the part of Defendants. Defendants also argue that they are entitled to summary judgment on Plaintiff's conspiracy claims because "a corporation cannot conspire with itself." Mot. Summ. J. 2. Defendants implausibly assert that these arguments dispose of all of Plaintiff's claims.

Plaintiff's "Response to City Defendants' Motion for Summary Judgment" is reciprocally ineffectual. Dkt. No. 34. It appears from Plaintiff's Response that the single factual basis for all of Plaintiff's claims is that Defendants overcharged African-American residents for electrical power because of their race. In its Response, Plaintiff points to electricity bills which, arguably, could support the contention that some African-American residents had higher electricity bills than non-African-American residents.[1] However, Plaintiff has presented absolutely no evidence that any disparity in electricity expenses was because of the consumers' race. Instead, Plaintiff relies on the fact that some disparity exists as evidence that the disparity is *because of* the consumers' race. Plaintiff refutes Defendants' alternative explanations of the disparity, such as differences in individual home construction or usage habits among individual consumers, but fails to provide any of its own evidence. Evidence that Defendants overcharged African-

---

[1] The amount of the disparity is unclear.

Americans for electricity because of their race is essential to Plaintiff's claims; evidence that there is a disparity is not enough.

The Court is faced with a "shotgun" complaint, an anemic, conclusory motion for summary judgment, and an unsupported, unresponsive Response. The Eleventh Circuit has frequently decried the costs and pitfalls of careless pleading. See, e.g., Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 982-84 (11th Cir. 2008). Moreover, the Eleventh Circuit has recognized the need for district courts to intervene in order to rein in pleadings where the parties continually muddy the facts and law. Id. The Court now follows the Eleventh Circuit's guidance, and provides the following instructions in order to focus this amorphous dispute.

Counsel for both parties are ordered to make their positions clear to the Court. Plaintiff is ordered to file supplemental briefing within twenty (20) days. In that briefing, Plaintiff must clearly and concisely explain the causes of action it intends to maintain against each named defendant. Plaintiff must point to exactly what evidence supports its position and must accurately cite to the record when referring to that evidence.

Defendants are ordered to respond to Plaintiff's supplemental briefing within thirty (30) days of the date

AO 72A
(Rev. 8/82)

Plaintiff files its briefing. In their response, Defendants must assert __all__ arguments it intends to assert in favor of summary judgment, including any arguments related to the applicable statutes of limitations. Defendants must be clear in responding to each claim that Plaintiff asserts, to the extent that Defendant seeks summary judgment on the individual claims. Defendants' arguments must be clearly delineated. Where the Defendants rely on evidence to support their position, Defendants must accurately cite to the record.

The parties are advised that precision, clarity, and brevity are virtues of legal drafting. Counsel should compose their briefs accordingly.

For the reasons stated above, Defendants' motion for summary judgment is **DENIED**, at this time.

**SO ORDERED**, this 31st day of August, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA